Dear Ms. Harper:
Our office received an opinion request from you concerning proxy voting. According to the information you have provided, there are seven commissioners serving on the Natchitoches Parish Tourist Commission. One commissioner is recovering from a stroke, and the Commission has asked whether it may permit the commissioner to allow his daughter to proxy vote for him until he recovers or until his term is up in August 2010. Your letter indicates that neither the Commission nor the commissioner wish for him to resign.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:4.1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to observe the deliberations of public bodies. As provided for in La.R.S. 42:5(B), "[e]ach public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8."
Unless the enabling legislation specifically authorizes proxy voting, the general prohibition against proxy voting is applicable.[1] The Natchitoches Parish Tourist *Page 2 
Commission is specifically created by La.R.S. 33:4574(B)(21), which grants no authority for the use of proxy voting.
In conclusion, as the legislation creating the Natchitoches Parish Tourist Commission does not specifically authorize the use of proxy voting, the general prohibition against proxy voting in La.R.S. 42:5(B) applies. Consistent with La. Atty. Gen. Op. Nos. 81-1156 and 92-352, the commissioner's daughter could informally represent the commissioner; however, the daughter has no authority to act in any formal capacity on behalf of the absent commissioner.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] See La. Atty. Gen. Op. Nos. 88-340 ("Where the enabling statute for a public body specifically authorizes the representation of some or all members of that public body by a designee . . . the special enabling statute for the public body constitutes a legislative exception to the general prohibitory norm of R.S. 42:5(B)."); 92-352 ("Because the enabling statute for the Lafayette Municipal Fire and Police Civil Service Board does not specifically authorize the use of proxy representation by its members, the general statutory prohibition in Louisiana against proxy representation is applicable."); and 93-708 ("Since the provisions governing the commission do not include authorization for members to be represented by designees, then the general prohibition of LSA-R.S. 42:5(B) is applicable.")